IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 1:22-CV-_____ |
| | ) JURY TRIAL DEMANDED |
| MEDLINE INDUSTRIES, LP., | ) |
| (f/k/a Medline Industries, Inc.), | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Juan Rodriguez, by his undersigned counsel, and submits this pleading, stating as follows.

### I. PRELIMINARY STATEMENT

1. This is an action by a former employee against his employer for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601et seq. ("FMLA").

### II. THE PARTIES

2. Plaintiff Juan Rodriguez was employed by Defendant from July 2019 until his termination on January 15, 2021.

3. Defendant Medline Industries, LP ("Medline") is an Illinois entity engaged in the production of medical equipment for use in the health care industry.

4. Medline is present and doing business in the State of Georgia where it has employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

5. Medline filed a change of name with the Georgia Secretary of State on September 23, 2021 changing it from "Medline Industries, Inc." and remains an uninterrupted continuation with respect to all operations in Georgia relevant to this case.

6. Medline's Registered Agent for Service of Process in Georgia is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 in Gwinnett County.

## III.     JURISDICTION AND VENUE

7. Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

8. The violations of Plaintiff's rights alleged herein, occurred within the Northern District of Georgia.

9. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims asserted occurred in the geographic area covered by the Atlanta Division of the United States District Court for the Northern District of Georgia.

10. Plaintiff is a resident of Douglas County, Georgia and submits to the jurisdiction of this Court by filing suit.

11. Medline's operations and business activity in Georgia are substantial enough to create in personam.

### IV.   FACTUAL ALLEGATIONS

12. As July 2020, Plaintiff had been employed continuously for over 12 months with Medline, and had worked over 1,250 hours in the twelve months preceding Plaintiff's request for FMLA leave.

13. Medline is a covered employer within the definition of the FMLA.

14. Medline has a point system for calculating absences and tardiness.

15. An employee who reached six points in a twelve month period is terminated.

16. Plaintiff was terminated on January 15, 2021.

17. Plaintiff did not have a cumulative total of 6 points under Medline's own calculation.

18. In December 2020, Plaintiff required FMLA leave for a serious health condition which was documented by a health care provider.

19. At this point, Plaintiff had only two unapproved absences since July 2019 and was therefore far shy of the six point cumulative.

20. In fact one of the unapproved absences was another instance of FMLA

qualified leave, on July 23, 2020, and should not even factor in Medline's point system.

21. Plaintiff's need for FMLA leave has been occasioned by the health condition of his minor son.

22. Plaintiff requested and was granted FMLA leave through May 2021 but required it only through January 13, 2021.

23. Plaintiff was terminated on January 15, 2021 because of the leave taken despite the fact that such leave was within the 12 week entitlement for leave granted Plaintiff under the FMLA.

24. Medline received certification of the serious health condition and did not request recertification or question the medical materials provided.

25. Medline's termination was based on its calculation of available "flex time" which is accrued paid-time-off and counted several FMLA days as unapproved because there was not enough flex time accrued.

26. Plaintiff was not seeking paid flex time but merely the FMLA-mandated unpaid leave allowance to address a serious health condition.

## COUNT I

## DENIAL OF FMLA BENEFITS

27. Plaintiff restates and re-alleges paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendant wrongfully denied benefits due to Plaintiff under the FMLA by refusing to grant leave under eligible circumstances because it would be unpaid time off and not covered by flex time.

29. By the conduct stated, Defendant unlawfully, and in contradiction of express language of the statute, denied benefits to an eligible employee in violation of the FMLA.

30. The FMLA provides employees with the right to be reinstated to the same or an equivalent position after taking protected leave.

31. Defendant violated the FMLA by refusing to reinstate Plaintiff to his prior position or to an equivalent position with substantially similar work and compensation upon Plaintiff's return to work, and instead, terminating Plaintiff.

32. Defendant interfered with, restrained, and/or denied Plaintiff's exercise of his rights under the FMLA by refusing his attempt to be reinstated to his full

time position or a reasonably equivalent full time position.

## COUNT II

## RETALIATION FOR REQUESTING FMLA BENEFITS

33. Plaintiff restates and re-alleges paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendant wrongfully terminated Plaintiff because he sought to exercise rights conferred by the FMLA in violation of that statute's anti-retaliation provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a) That the Court enter judgment against Defendant and for Plaintiff.

b) That the Court enter judgment against Defendant for Plaintiff's expenses of litigation incurred in this matter, including reasonable attorneys' fees;

c)        That the Court reinstate Plaintiff or award front pay;

d)        That the Court grant Plaintiff a trial by jury; and

e)        That the Court grant Plaintiff such other and further relief as it deems just and proper.

This 4th day of August 2022.

 __s/JohnDWales_____
**John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
600 Village Trace, Suite 175
Marietta, Georgia 30067
Tel. (770) 850-2545
Fax (770) 850-2548
**johndwales@aol.com**